| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:26-mj-00369 |
| | Judge Matthew W. McFarland |
| v. | Magistrate Judge Stephanie K. Bowman |
| MARK ALLEN CHANDLER, | |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE AND REQUEST FOR IMMEDIATE RELEASE

### I. INTRODUCTION

Defendant Mark Allen Chandler, by and through undersigned counsel, respectfully opposes the Government's Emergency Motion to Appeal and Revoke Order of Release (Doc. 18) and requests that this Court reinstate the Order Setting Conditions of Release (Doc. 17) entered by Chief United States Magistrate Judge Stephanie K. Bowman on May 8, 2026.

Following a full detention hearing at which both parties were heard, Magistrate Judge Bowman made an individualized determination that Mr. Chandler could be released safely on conditions. The United States Pretrial Services Office—the expert agency Congress created for precisely this purpose—independently investigated Mr. Chandler's background, applied the validated Pretrial Risk Assessment instrument, and recommended release. That recommendation was well-founded. The Government cannot now meet its burden of demonstrating by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, or by a preponderance of the evidence that no conditions will assure Mr.

Chandler's appearance. The Government's motion should be denied, the stay lifted, and Mr. Chandler released forthwith.

## II. STANDARD OF REVIEW

Under 18 U.S.C. § 3145(a), this Court reviews a magistrate judge's release order de novo. United States v. Yamini, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). De novo review requires this Court to conduct its own independent analysis of the 18 U.S.C. § 3142(g) factors—it does not require, however, that this Court ignore the careful findings and expert recommendation already in the record.

## III. THE PRETRIAL SERVICES RECOMMENDATION FOR RELEASE IS ENTITLED TO SUBSTANTIAL WEIGHT

After a thorough investigation—including personal interviews with Mr. Chandler, his mother, and multiple proposed custodians—the United States Pretrial Services Office recommends release on conditions. This recommendation is not merely a formality. Pretrial Services applied the validated Pretrial Risk Assessment (PTRA) instrument, which placed Mr. Chandler in Risk Category 2 with a score of 6. For defendants in that category, the statistical probability of appearing for all court proceedings is 98.9%, and the probability of no new violent arrest is also 98.9%.

These are not borderline figures. They reflect a defendant who, by every validated metric Congress has endorsed for this purpose, presents a low risk. This Court should give the Pretrial Services recommendation the substantial weight it deserves as the judgment of the expert agency designed by Congress to inform exactly this determination.

## IV. THE GOVERNMENT CANNOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT NO CONDITIONS WILL ASSURE COMMUNITY SAFETY

### A. The Proposed Release Address Contains No Minors and Has Been Vetted by Pretrial Services.

Mr. Chandler proposes to reside with Jim and Cathy Kaelin at 2180 Villagepointe Drive in Batavia, Ohio. This address has been affirmatively verified by Pretrial Services. Jim Kaelin confirmed that there are no minor residents in the home, that there are no weapons present, and that he and his wife are willing to password-protect all electronic devices. The primary concern

animating the Government's motion—danger to children—is directly addressed by this living arrangement.

## B. Comprehensive Computer Monitoring Conditions Neutralize the Alleged Online Conduct.

The charges here involve alleged online conduct. Pretrial Services has recommended—and Mr. Chandler accepts—the following computer monitoring conditions that directly address the specific danger alleged:

- Installation of computer monitoring software on all devices;
- Limitation to a single Android device;
- Pre-approval of all internet access by Pretrial Services;
- Authority for manual inspection of any internet-capable device;
- Third-party custodian password protection of all devices in the residence;
- Prohibition on possession of any device capable of creating pictures or videos, except a monitored phone;
- Prohibition on possession or viewing of any pornographic material in any form.

These conditions, taken together, create layered, specific, and enforceable barriers to the precise conduct alleged. They are exactly what the Bail Reform Act envisions as an alternative to detention.

## C. There Is No Allegation of Physical Contact with a Minor.

The Government's charges are serious. But it is significant that no allegation of physical, hands-on contact with a child has been made. The alleged conduct is online in nature. This distinction bears directly on the Court's assessment of what conditions are necessary and sufficient to protect the community. Location monitoring with a curfew, combined with the comprehensive computer restrictions described above and an absolute prohibition on contact with minors (Condition 15), addresses the actual nature of the alleged risk—not a hypothetical one.

## D. Mr. Chandler's Criminal History Does Not Support Detention.

Mr. Chandler has no prior convictions. His sole prior arrest—a November 2025 charge of Intimidation of a Witness in the Hillsboro Municipal Court—was dismissed on January 30, 2026.

Dismissed charges carry no criminal history points under the Sentencing Guidelines and, more fundamentally, reflect no adjudication of wrongdoing. The Government may not bootstrap a dismissed state charge into a basis for federal detention.

## V.  THE GOVERNMENT CANNOT ESTABLISH BY A PREPONDERANCE THAT NO CONDITIONS WILL ASSURE MR. CHANDLER'S APPEARANCE

Mr. Chandler presents a minimal flight risk. He is 37 years old and has lived his entire life in the greater Cincinnati area. His parents reside in Mt. Orab, Ohio. His community ties are lifelong and deep-rooted. The proposed release address in Batavia, Ohio keeps him within this district and under active Pretrial Services supervision.

While Mr. Chandler possesses a passport and has traveled internationally, his most recent foreign travel was in 2021—nearly five years ago. Pretrial Services directly addresses this risk by recommending immediate surrender of the passport to the Clerk's Office by May 15, 2026, with a prohibition on obtaining any new travel document. With no passport and no financial resources— Mr. Chandler has approximately $200 in his checking account and carries $30,000 in credit card debt—the practical means of flight do not exist.

His PTRA score of 6 (Category 2) reflects a 98.9% statistical likelihood of appearance at all court proceedings. The Government cannot overcome this empirical evidence with speculation.

## VI.  CONCLUSION

Magistrate Judge Bowman conducted a full hearing and entered a thoughtful, condition-laden release order. The United States Pretrial Services Office independently recommended release. The proposed residence has been vetted, contains no minor residents, and will operate under comprehensive electronic monitoring. Mr. Chandler is a lifelong Southern District of Ohio resident with no prior convictions and a validated low-risk profile.

For all of the foregoing reasons, Defendant Mark Allen Chandler respectfully requests that this Court:

1. DENY the Government's Motion to Revoke Order of Release (Doc. 18);

2. LIFT the Stay entered on May 8, 2026;

4

3. REINSTATE the Order Setting Conditions of Release (Doc. 17) entered by Magistrate Judge Bowman; and

4. ORDER the immediate release of Mr. Chandler to the Kaelin residence at 2180 Villagepointe Drive, Batavia, Ohio, subject to all conditions set forth in Doc. 17.

Respectfully submitted,

/s/ Mark Wieczorek (0082916 OH)
Counsel for Defendant Mark Allen Chandler
Southern District of Ohio
Date: May 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mark Wieczorek (0082916 OH)
Counsel for Defendant